

FILED
OCT 28 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　　　　　DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DOBRILA BEBE MILOSAVLJEVIC (4),<br><br>　　　　　　　Defendant. | Case No. 21-CR-2154-CAB<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

　　　WHEREAS, in the Indictment, the United States sought forfeiture of all right, title and interest in property of Defendant DOBRILA BEBE MILOSAVLJEVIC ("Defendant"), pursuant to Title 18, United States Code, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code Section 1349 and as set forth in Count 1 of the Indictment; and

　　　WHEREAS, on August 2, 2022, Defendant pled guilty before Magistrate Judge Andrew G. Schopler to the offense in Count 1 of the Indictment, which plea included consents to the forfeiture allegation of the Indictment, and consent to the forfeiture of all properties seized in connection with the case, including but not limited to, an agreement to pay and forfeit to the United States the amount of $56,288.00 in U.S. dollars as proceeds traceable to the offense set forth in Count 1, which forfeiture shall be included and incorporated as part of the judgment in this

1  case, and the following specific properties, which Defendant agrees are forfeitable to
2  the United States pursuant to Title 18, United States Code, Section 924(d)(1), and
3  Title 28, United States Code, Section 2461(c):
4      a. One (1) Zoraki 925 pistol;
5      b. One (1) AR-15 Rifle Caliber 223;
6      c. One (1) KelTec 12 gauge shotgun;
7      d. One (1) Bolt action rifle, 22 caliber;
8      e. One (1) AR Style 308 Rifle
9      f. One (1) Marlin 25N Rifle;
10     g. One (1) CBC Industries AR-15 Rifle;
11     h. One (1) Colt M4 Carbine Rifle;
12     i. One (1) Retay Eagle X 9mm Pistol;
13     j. One 91) Brunswig 1916 Pistol 6.65mm Caliber;
14     k. One (1) BBM Bruni 380 Revolver;
15     l. Multiple rounds of various ammunition including 30.06, 9mm, .223, 7.62-
16        39. .22, 12g Shotgun, 32 auto, 7.62X39, and .45;
17     m. One (1) silencer; and
18     WHEREAS, on October 25, 2022, this Court accepted the guilty plea of
19 Defendant; and
20     WHEREAS, by virtue of the admissions of Defendant set out in the plea
21 agreement, the financial addendum, and guilty plea, the Court hereby determines that
22 $56,288.00 represents proceeds traceable to the offense set forth in Count 1; and
23     WHEREAS, by virtue of said guilty plea and the Court's findings, the United
24 States is now entitled to an Order of Forfeiture in its favor against the Defendant in
25 the amount of $56,288.00, pursuant to Title 18, United States Code, Section
26 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of
27 the Federal Rules of Criminal Procedure; and
28

WHEREAS, by virtue of said guilty plea, the United States in now entitled to possession of the above-referenced specific properties, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c); and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the $56,288.00 U.S. dollars forfeiture money judgment, the specific properties, and the offense of conviction; and

WHEREAS, the Defendant has agreed to pay directly to the United States the $56,288.00 in U.S. dollars and further agrees that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and that the United States may take actions to collect the forfeiture; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty plea to Count 1 of the Indictment, Defendant DOBRILA BEBE MILOSAVLJELVIC shall forfeit to the United States the sum of $56,288.00 in the form of a personal forfeiture money judgment against her pursuant to 18 U.S.C. § 982(a)(2), representing the proceeds she received from her involvement in the offense set forth in Count 1. Defendant is directed forthwith to remit to the United States $56,288.00 to pay the forfeiture money judgment. The forfeiture money judgment is in favor of the United States against Defendant DOBRILA BEBE MILOSAVLJELVIC in the amount of $56,288.00, with interest to

1 | accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from
2 | the date of sentencing.

3 |     2.    Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

    3.    The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $56,288.00 to satisfy the forfeiture money judgment in whole or in part.

    4.    The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

    5.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title, and interest of Defendant DOBRILA BEBE MILOSAVLJEVIC in the specific properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a.    One (1) Zoraki 925 pistol;
    b.    One (1) AR-15 Rifle Caliber 223;
    c.    One (1) KelTec 12 gauge shotgun;
    d.    One (1) Bolt action rifle, 22 caliber;
    e.    One (1) AR Style 308 Rifle
    f.    One (1) Marlin 25N Rifle;
    g.    One (1) CBC Industries AR-15 Rifile;
    h.    One (1) Colt M4 Carbine Rifle;
    i.    One (1) Retay Eagle X 9mm Pistol;
    j.    One (1) Brunswig 1916 Pistol 6.65mm Caliber;
    k.    One (1) BBM Bruni 380 Revolver;

  l. Multiple rounds of various ammunition including 30.06, 9mm, .223, 7.62-39. .22, 12g Shotgun, 32 auto, 7.62X39, and .45;

  m. One (1) silencer.

6. The aforementioned forfeited assets are to be held by the Bureau of Alcohol Tobacco and Firearms in its secure custody and control.

7. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

8. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

9. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be

signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

12. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 10/28/2022

Honorable Cathy Ann Bencivengo
United States District Judge